ELECTRONICALLY FILED - 2021 Jan 14 10:56 AM - SPARTANBURG - COMMON PLEAS - CASE#2021CP4200137

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF SPARTANBURG ) | |
| ) | |
| Andrews Aviation LLC and its individual ) | |
| executive officer and member ) | **SUMMONS** |
| ) | |
| Plaintiff, ) | CA No. 2021 CP-42 |
| vs. ) | |
| ) | |
| American National Property and Casualty ) | |
| Company Inc. ) | |
| ) | |
| Defendant. ) | |
| Defendants. ) | |

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is attached herewith served upon you, and to serve a copy of your answer to said Complaint on the subscribers at their office at Post Office Box 2765, 229 Magnolia Street, Spartanburg, South Carolina, 29304, within thirty (30) days after such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in this Complaint.

Dated: January 14, 2021
    Spartanburg, SC

HODGE & LANGLEY LAW FIRM, PC

s/*Charles J. Hodge*

Charles J. Hodge
Attorney for Plaintiff
PO Box 2765
229 Magnolia Street
Spartanburg, SC 29304-2765
(864) 585-3873

# **EXHIBIT A**

1

ELECTRONICALLY FILED - 2021 Jan 14 10:56 AM - SPARTANBURG - COMMON PLEAS - CASE#2021CP4200137

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> COUNTY OF SPARTANBRURG ) <br> ) <br> Andrews Aviation LLC and its individual ) <br> executive officer and member ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> American National Property and Casualty ) <br> Company Inc. ) <br> ) <br> Defendant. ) | IN THE COURT OF COMMON PLEAS <br><br> **COMPLAINT** <br> CA No. 2021- CP-42- <br><br> **JURY TRIAL DEMANDED** |

Plaintiff, complaining of defendant, American National Property and Casualty Company Inc. (hereinafter referred to as "American National") would respectfully show unto the court as follows:

1. The Plaintiff is a limited liability company organized and existing under the laws of the State of South Carolina and has as its executive officer and member, William Adair residing in Spartanburg County, South Carolina.

2. The Defendant, American National is a corporation organized, existing, and operating under the laws of one the States of The United States of America. American National is doing business and writing insurance in the county of Spartanburg, State of South Carolina.

3. Defendant entered a valid and binding contract for aircraft insurance with the Plaintiff (Policy No. AC-02547-03 hereinafter referred to as "subject policy" or "policy") In the county of Spartanburg, State of South Carolina. The insurance policy was marketed and sold by Defendant to Plaintiff as an aircraft insurance policy whereby if there was aircraft physical damage while in motion there would be coverage.

4. At all times relevant to this litigation the Plaintiff paid all insurance premiums due pursuant to the terms of the subject policy on or before the due date for all premiums due pursuant to the subject policy.

5. Plaintiff at all times relevant to this litigation fulfilled all duties and obligations placed upon Plaintiff pursuant to the terms of the subject policy.

ELECTRONICALLY FILED - 2021 Jan 14 10:56 AM - SPARTANBURG - COMMON PLEAS - CASE#2021CP4200137

6. On Saturday morning October 31, 2020, Dr. Adair departed The Spartanburg Downtown Memorial Airport in the insured aircraft which was a Columbia 300 FAA No. N6500B, Serial Number 40043 (hereinafter referred to as "Columbia").

7. The Columbia aircraft departed runway 05 on a clear morning with calm winds. The Departure time was approximately 0730. Climbing out at approximately 1800 feet, the pilot's door departed the aircraft. Dr. Adair confirmed he had control of the aircraft and began a left-hand turn to return to runway 23 at The Spartanburg Downtown Memorial Airport (here and after referred to as "KSPA"). After returning from the ramp, multiple pictures were taken, a search was conducted, and the departed door was recovered intact.

8. Plaintiff timely filed his claim with the Defendant.

9. Defendant has refused and continues to refuse, to pay for the necessary repairs and replacement of the pilot's side door.

## FOR FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT)

10. The preceding allegations contained in this Complaint are incorporated by reference herein as fully as if restated verbatim.

11. Defendant marketed, sold, and issued plaintiff the subject policy which purported to provide full coverage for physical damage to the aircraft while it was in motion.

12. The subject policy was full force in effect at all times relevant to this litigation.

13. Plaintiff promptly informed the Defendant of Plaintiff's claim regarding physical damage to the aircraft.

14. Defendant has wrongfully denied coverage for the physical damage to the aircraft.

15. Defendant has breached the subject policy by improperly and wrongfully denying the claim related to the physical damage to the Columbia aircraft.

16. Plaintiff has been damaged due to the wrongful denial in that Plaintiff is now required to pay for physical damage which occurred in motion, despite having purchased coverage from the Defendant for such damage.

17. South Carolina Code Annotated § 38-59-40 provides that the refusal of an insurer to pay a claim within (90) days after a demand has been made by the holder of the insurance policy or contract and the finding on the contract made by the trial judge without reasonable cause or in bad faith entitles the policy holder to recover reasonable attorney fees required for the prosecution of the case against the insurer.

18. Plaintiff hereby requests attorney fees be assessed against Defendant pursuant to South Carolina Code Annotated § 38-59-40 due to Defendant's refusal to provide coverage for Plaintiff with regard to the claim without reasonable cause.

19. Plaintiff is informed, alleges, and believes it is entitled to a judgement against Defendant for the claim that was properly submitted regarding aircraft physical damage while in motion, and wrongfully denied by Defendant, together with interest at a statutory legal rate from the date the duty to pay the claim in the timely manner was triggered pursuant to the terms of subject policy, including attorney fees for the unreasonable refusal to pay the claim which was covered under the subject policy without reasonable cause pursuant to South Carolina Code Annotated § 38-59-40.

## **FOR SECOND CAUSE OF ACTION**
## **(BAD FAITH AS TO DEFENDANT, AMERICAN NATIONAL)**

20. The preceding allegations contained in this complaint are incorporated by reference here in as if fully as if restated verbatim.

21. Defendant American National, by and through its duly authorized agents, servants, and/or employees, have acted in bad faith and/or negligent, careless, reckless, and/or wanton following particulars to:

> A. In refusing to comply with the duty to pay the claim under subject policy which was covered under the subject policy as discussed above pursuant to the terms of the subject policy;
>
> B. In unreasonably failing to provide unsupportive without foundation explanation to Plaintiff as to why Defendant unreasonably denied the claim discussed hereinabove;

ELECTRONICALLY FILED - 2021 Jan 14 10:56 AM - SPARTANBURG - COMMON PLEAS - CASE#2021CP4200137

C. In failing to communicate to Plaintiff any reasonable justification to honor the insurance claim issued in this litigation;

D. In failing to attempt in good faith to pay the claim which was /is covered under the terms of the subject policy;

E. In attempting to rely on insurance policy language/provisions which are materially different and in conflict with the terms and conditions of the subject policy as marketed and sold to Plaintiff through Defendant's agent.

F. In failing to investigate and review the claim of the Plaintiff related to the insurance claim discussed hereinabove to properly determine whether the Plaintiff came within the coverage afforded to the Plaintiff by terms of the subject policy;

G. In causing Plaintiff to incur legal expenses, premium costs, repair costs to his aircraft, and other costs and fees associated with Defendant's proper denial(s) in coverage of the claim issued in this lawsuit

H. Throughout the course of dealing(s) between Plaintiff and Defendant, in acting negligently, in bad faith, and in reckless disregard of the rights to the Plaintiff.

22. As a direct and proximate result of the negligence, bad faith, recklessness and wantonness of Defendant, Plaintiff has been damaged, including but not limited to, incurring attorney fees, court costs, insurance premium expense, aircraft repair costs, and other expense related to the improper claim denial(s) at issue in this litigation along with the loss of interest on the monies that Plaintiff has to pay for the aircraft repairs and other expenses related to the improper claim denial(s) the Defendant issued in this lawsuit.

23. Plaintiff is informed and believes that he is entitled to a judgement against Defendant for losses and damages in a sum to be determined by a jury for actual damages, punitive damages, attorney fees, prejudgment interest, and court costs.

### THIRD CAUSE OF ACTION
(IMPROPER CLAIM PRACTICE/ATTORNEY FEES AS TO DEFENDANT, AMERICAN NATIONAL)

24. The preceding allegations contained in this complaint are incorporated by reference here in as if fully as if restated verbatim.

25. By virtue of the subject policy provisions Defendant has breached its duty to Plaintiff per subject policy and Defendant is there for indebted to Plaintiff for unpaid benefits under the subject policy in an amount to be determined at the trial of this case.

26. Defendant at all times pertinent herein, acted improperly in bad faith, and/or in an unreasonable manner toward Plaintiff. Therefore, Plaintiff is informed and believes he is entitled to recover, in addition to the benefits due under the subject policy, his reasonable attorney fees and costs related to this lawsuit pursuant to South Carolina Code Annotated § 38-59-40.

## FOURTH CAUSE OF ACTION
### (NEGLIGENCE AS TO AMERICAN NATIONAL)

27. The preceding allegations contained in this complaint are incorporated by reference herein as if fully as if restated verbatim.

28. Defendant was n negligent, grossly negligent, careless reckless, willful and/or wrong in its actions or omissions in the following respects:

    A. In failing to review the actual coverage provided by the subject policy to determine if it was as requested by Plaintiff and suited to meet the needs of the Plaintiff;
    B. Failing to properly, prudently, and with due care review analyze the request needed for the plaintiff;
    C. Failing to properly investigate the claim of the Plaintiff at issue leading to the improper determination of no coverage for the Plaintiff regarding the claim;

29. Defendant was further negligent, grossly negligent, willfully wrong, careless, and/or reckless in that, had actual notice of the acceptance of premiums providing for physical damage occurring while the aircraft was in motion, yet did nothing to warn the Plaintiff if the pilot side door departed the aircraft while in flight such an event would not be covered.

ELECTRONICALLY FILED - 2021 Jan 14 10:56 AM - SPARTANBURG - COMMON PLEAS - CASE#2021CP4200137

30. As a direct and proximate result of the actions and/or omissions of the Defendant, Plaintiff has suffered damages and is entitled to a judgement against the defendant for actual and punitive damages in an amount to be determined at the trial of this case;

31. Upon information and belief Defendant exhibited such an entire want of care that its actions were a result of fraud, evil motive, actual malice, gross negligence, carelessness, recklessness, willful and/or wanton conduct, and were in a conscious disregard for the perceivable harm to Plaintiff, thereby entitling Plaintiff to punitive damages as well as actual damages.

## FOR A FIFTH CAUSE OF ACTION
### (NEGLIGENT MISREPRESENTATION AS TO AMERICAN NATIONAL)

32. The preceding allegations contained in this complaint are incorporated by reference herein as if fully as if restated verbatim.

33. Defendant falsely represented to Plaintiff that the subject policy was as requested by the Plaintiff and sufficient to meet Plaintiff's insurance needs and that no revisions, additions, deletions, or exclusions in the subject policy substantially and/or materially changed the promised, requested, and needed coverage of Plaintiff which Plaintiff requested to cover his premium should the Plaintiff's aircraft suffer damage while in motion. Defendant affirmatively represented to Plaintiff that the subject policy would cover physical damage while the aircraft was in motion. This representation of the Defendant was false.

34. Defendant failed to exercise reasonable care in its actions and/or omissions and otherwise failed to exercise reasonable care in communicating information regarding the shortcomings in the subject policy sold to Plaintiff and /or failed to communicate any information relevant to this issue to Plaintiff.

35. Based upon reasonable reliance on the Defendant's said misrepresentations, Plaintiff was induced and did purchase the subject policy and relied upon the coverage that Defendant represented subject policy would include.

36. As direct and proximate result of Defendant's misrepresentation plaintiff suffered damages set forth herein.

ELECTRONICALLY FILED - 2021 Jan 14 10:56 AM - SPARTANBURG - COMMON PLEAS - CASE#2021CP4200137

## **FOR A SIXTH CAUSE OF ACTION**

## **(UNFAIR TRADE PRACTICES AS TO AMERICAN NATIONAL)**

37. The preceding allegations contained in this complaint are incorporated by reference here in as if fully as if restated verbatim.

38. The allegations described against American National constitute deceptive acts or practices in a conduct of trade of commerce which had an adverse effect on the public interest.

39. American National's deceptive acts and practices capable of repetition in that American National continues to be actively engaged in the selling and/or marketing of insurance in the state of South Carolina.

40. As a direct and proximate result of American Nationals deceptive acts and practices, plaintiff has suffered consequential damages.

41. American National constitute willful or knowing and violations of South Carolina Code Annotated §39-5-10, et seq.

42. Plaintiff is thereof entitled to 3 times its actual damages, plus interest, costs, and attorney fees.

WHEREFORE, plaintiff having fully complained of the defendant herein prays that it have and recover a judgement of actual consequential and punitive damages and for treble damages, all costs and fees incurred as a result of this action, including attorney fees and prejudgment interest together with such further relief as the court deems just and proper.

HODGE & LANGLEY LAW FIRM, P.C.

January 14, 2021

*s/Charles J. Hodge*
Charles J. Hodge, Esq.
Attorney for Plaintiff
229 Magnolia Street
P.O. Box 2765
Spartanburg, SC 29304-2765
(864) 585-3873

ELECTRONICALLY FILED - 2021 Jan 28 11:19 AM - SPARTANBURG - COMMON PLEAS - CASE#2021CP4200137

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF SPARTANBURG ) | |
| ) | **CERTIFICATE OF SERVICE** |
| Andrews Aviation LLC and its individual ) | |
| executive officer and member ) | CA No. 2021 CP-4200137 |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| American National Property and Casualty ) | |
| Company Inc. ) | |
| ) | |
| Defendant. ) | |

I certify that on this date, I served a copy of the following:

- Summons and Complaint

in this action, by Mailing, to him/her, at his/her last known address, by depositing it in the U.S. Mail **(Certified Return Receipt No.:** 70190700000133311417 **)**, in an envelope with sufficient postage affixed, addressed as follows:

AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY
120 S Central Ave.
Clayton, Missouri, 63105

Dated: January 14, 2021
      Spartanburg, SC

_____
Lindsy Fluewelling, Legal Nurse Consultant
Hodge & Langley Law Firm
229 Magnolia Street
P.O. Box 2765
Spartanburg, SC 29304
(864)585-3873

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   American National Property
   and Casualty Company
   120 S. Central Ave.
   Clayton, Missouri, 63105

2. Article Number (Transfer from service label)

   9419 0700 0001 3331 1417

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _[signature]_  ☑ Agent  ☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery
   Una Rose                    1.21.21

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☑ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ Insured Mail
   ☐ Insured Mail Restricted Delivery (over $500)

   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☑ Return Receipt for Merchandise
   ☐ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

9590 9402 5338 9154 4882 62

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt